Our next case on the call of the docket is case number 110886. In the Interest of Haley D. A Minor People, the State of Illinois Appellant v. Ralph L. Appley, agenda number 6. Mr. Counsel for the appellant, please proceed. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court, Counsel. My name is Brett Lagner. I'm an Assistant Illinois Attorney General, and I represent the people of the State of Illinois in this matter. Your Honors, this Court should reverse the decision of the appellate court and affirm the underlying decision of the circuit court. This case concerns the proper application of Section 2-1401 of the Illinois Code of Civil Procedure, providing for relief from judgments. Here, Respondent filed a timely 2-1401 petition alleging or asserting that the underlying judgment against him terminating his parental rights was void. That motion was denied by the circuit court on the pleadings. Respondent's claim, excuse me, Respondent's claim in particular is that he was not served with notice of the termination petition. Therefore, he did not attend the court hearing on that petition, and a default was entered against him. Respondent's claim is the failure to serve him with that petition resulted in an order that is void. Not voidable, but void. That has been his contention all along, that he is entitled to 2-1401 relief because the order is void. That's the only ground he moved in the circuit court on, and still in his appellate brief before this Court. His argument is only that the circuit court's order was void. But for an order to be void and subject to challenge under 2-1401 on that ground, it has to be entered by a court lacking jurisdiction. A court utterly lacking jurisdiction, either personal or subject matter jurisdiction. And that's consistent with this Court's precedence in the Ford Motor Company, in Marriage of Mitchell, and in Johnston v. City of Bloomington. The circuit court had jurisdiction to enter the April 14, 2004 judgment, defaulting Respondent. Indeed, Respondent concedes this point on appeal, and even the appellate majority agreed that the circuit court had jurisdiction to enter the underlying order. And that's consistent with the case law. The Court acquired personal jurisdiction over Respondent in the juvenile case when Respondent was served with the summons of the neglect petition initially, as well as, or in the alternative, when Respondent showed up in court and attended some court hearings. And the Court had subject matter jurisdiction. Once the General Assembly created the Juvenile Court Act, this Court has held in M.W. and others that all proceedings consistent with the initiation of the juvenile court claim are within the Court's subject matter jurisdiction. So the Court did not need, the circuit court did not need to reestablish personal jurisdiction over Respondent, and it had the subject matter jurisdiction to resolve all issues that were fairly related to the juvenile court proceeding. Counsel, didn't Respondent have actual notice because both he and his attorneys sent letters to the Court saying why they weren't there? Well, your Honor, I think that the record seems to permit that conclusion. And I think that's a very important point. Even by the time of the 214.01 petition in the circuit court, Respondent never argued, I didn't have notice. Respondent argued, my car broke down. I was on my way to the courthouse. Admittedly, there's some ambiguity in the record because the hearing that Respondent missed was April 14th, and in the motion, the 214.01 petition affidavit attached, Respondent says, I was on my way to the courthouse on April 15th, and my car broke down. What did the attorney's letter say? The attorney's letter also used the April 15th date, but insofar as it was, insofar as it specified a date. But either way, they didn't raise lack of notice. They raised concerns, health concerns for the attorney, and ultimately health concerns later in the attempt to vacate the judgment, first with the untimely 213.01 petition, and then finally bring the 214.01 petition. But then again, by the time the 214.01 petition is filed, Ralph is asserting car problems, child care problems, not lack of notice. The appellate court below relied on equitable notions. Even though it admitted or granted or conceded that the circuit court had jurisdiction to enter the judgment that's challenged, it relied on equitable considerations, considerations of fairness in deciding that Ralph was, or the Respondent was deprived of notice, that Respondent was deprived of notice, and therefore the judgment should be vacated under Section 214.01. The appellate court's application and use of its equitable power in that circumstance is inconsistent with this court's decision, specifically the line of cases beginning with People v. Vincent. If nothing else, even if equitable considerations may arise in other 214.01 circumstances, such as perhaps considering whether the party exercised due diligence, it certainly does not apply when a judgment is attacked on grounds of voidness, which only examines the court's jurisdiction. Whether the court's jurisdiction is not predicated upon equitable considerations, as the appellate court below seemed to indicate in its order. Because the court below, the circuit court, had jurisdiction over the matter, the order was not void. Because Ralph only sought to vacate the judgment order on grounds of voidness, the 214.01 petition was properly denied, and that should end the inquiry. Even if this court goes on to consider Respondent's further arguments. Those arguments, and again, Respondent never contends that his arguments show that the order was voidable and that he otherwise met the requirements under 214.01 of obtaining relief from a voidable judgment, which are due diligence in ascertaining a defense and in bringing the 214.01 petition, as well as a meritorious defense to the judgment entered in that action. Respondent contends only that it was void, but even if this court would consider. Just for a moment, go back to that idea of voidness. Certainly the argument that's made here is not a jurisdictional one, but rather a violation of due process. Correct. And I think you'll have to acknowledge that there certainly are cases in which courts in the State have said that a violation of due process renders that order null and void. That's true, Your Honor. How do we reconcile that? I think that this court's subsequent case law has reconciled that, specifically by noting that use of null and void and the interchangeability or the way that voidness is used or has been used in many cases, describing things as null and void, has been used to concern both void orders and voidable orders. An order may be null and void, meaning it may be voidable under the circumstances, but in the Ford Motor Credit Company line of cases, the Court made clear that it's only actually void as opposed to voidable where there's a lack of jurisdiction. Thus — Including cases where there's a due process violation? Correct, Your Honor. And that begins with this Court's People v. Davis decision, in which the Court specified parties have rights that should not be violated, but if those rights are violated by an order, that does not result in a void order. That may constitute reversible error if a proper claim is brought, but a violation of a constitutional right does not automatically — or does not result in a void order so long as the Court had jurisdiction to enter that order. The Court's jurisdiction — the Court's not deprived jurisdiction or does not lose its jurisdiction by getting something wrong, basically. Well, something more than just getting something wrong. Even if — Let's just — assuming that there's a violation of the constitutional right of due process. Yes. That's not just making a mistake, making an evidentiary mistake or something like that. How do you think the cases reconcile a violation of due process and personal jurisdiction? There may be circumstances where a violation of due process shows that there was a lack of personal jurisdiction. For instance, if orders are entered in a case in which the Court never originally obtained jurisdiction over the party, that would be tantamount to a violation of due process, but it also would be a jurisdictional defect. There's not that situation here because the Court had personal jurisdiction over respondent. Having once obtained that personal jurisdiction, any violation of due process then is not — even though it may be of a constitutional magnitude, it's not of a jurisdictional magnitude. And again, our argument is that a constitutional violation may not be reversible under the proper procedure. It's just that it is not void, just purely void and of no effect. And that's consistent with, among other cases, this Court's decision, again, in People v. Davis, which I think spelled this out, and also consistent with the breadth of criminal cases where you could have parties who are imprisoned based on a violation of constitutional rights, Fourth Amendment rights, something like that, and if they don't adequately, procedurally raise their claims, they cannot get effective relief as a result. The point of that is simply having a constitutional violation does not deprive the jurisdiction of the Court. It must be properly presented to the Court in a way to permit reversal of any such errors. How do we reconcile Rule 11C with Section 2-15-3? Does holding Rule 11, or holding that Rule 11 requires service for all subsequent claims under 2-15, does it render it meaningless? How do you reconcile those two? It's very difficult, Your Honor. And I would say that our argument on 214-01 is irrespective of the reading that you give 215-3. But 215-3, by its plain language, setting aside for a second the excluding sentence, the Supreme Court Rule 11 reference, by its plain language provides that no written notice shall be provided. The appellate court has, in Abner P. and D.J., recognized the plain language of 215-3. Rule 11 does not govern what papers shall be served. It governs if papers are going to be served, this is how you do it and who you do it upon. As the lower court, as the appellate court indicated, you could reconcile it by saying 215-3 does not require service or notice of proceedings. But if you choose to do so, you need to still comply with the Rule 11 requirements. Otherwise, a more expansive reading of Rule 11, as having some sort of substantive effect in terms of specifying which papers shall be filed, would permit the exception to completely swallow the General Assembly's plain language, it says this notice is not required in these cases. Moreover, the General Assembly did not incorporate this court's Rule 104. And 104 is the rule that specifies which documents need to be served on parties. Rule 11 is how you effectuate that. Once you have a document that needs to be served on a party, then Rule 11 says if the party is represented by an attorney, you serve it on the attorney. If you're serving it on the attorney or the unrepresented party, you can serve it by mail or by personal delivery, by fax-if agreement, etc. It's a method of serving documents that are required, but in and of itself it's not an entitlement to service of any documents. Rule 104 is where that would be. But even Rule 104 specifies that failure to provide notice of filings, of procedures, is not a jurisdictional defect. The court makes that explicitly clear, and Respondent never makes any counterargument to the notion that what of the effect of 104 and the General Assembly's decision not to incorporate it into Section 215-3. The upshot, and probably the long-winded answer to your very concise question, is that Rule 11 does not provide any party for an entitlement to receive documents. The other language, the foregoing language of 215-3 specifically says they are not so entitled. Rule 11 provides that if a party chooses to provide those documents, you should do so in accordance with Rule 11. I want to add, it's certainly not the state's policy to not serve parties with documents. Something happened in this case, I think the record is unclear, as to why perhaps service was not, if service was in fact not effectuated, though again, as we were discussing before, the parties never claimed no notice. But it's certainly not a policy of the state to not provide notice. How do subsections 8 of 2-15 and subsection 5 of 2-16 factor in? The language there is virtually the same. Notice to a parent who has appeared or has been served with summons personally or by certified mail and for whom an order of default has been entered on the petition for wardship and has not been set aside shall be provided in accordance with Supreme Court 11. Notice to a parent who has served by publication and for whom an order of default has been entered on the petition for wardship and has not been set aside shall be provided in accordance with this section in Section 2-16. Does that change anything with regard to your interpretation of 2-15-3? It does not, Your Honor. What's the purpose of those sections? To make clear in what circumstance, if effort is going to be made to serve a party that may not be entitled necessarily to those documents, what manner of service you must provide. As opposed to, for instance, Rule 11, specifically, permit service of papers other than the original summons. So, basically, it says that you don't need to get the sheriff to go out and deliver this. Well, then, in this case, there was, I think, personal service or a boat service. Yeah, on his mother. Okay. In this case, if there had not been that service, if there had been notice by publication, then would there have had to have been another publication? Because then it says if it's a notice by publication, then the notice shall be provided in accordance with this section, which is 2-15, the personal service, or 2-16, certified mail or publication. So would the petition for termination then have required that type of notice? If the original service was by publication, would the subsequent publication be required? And, of course, I take it your argument would be the court would have jurisdiction because of the proper, if there was proper notice by publication. If under 2-16, the initial publication was proper and would confer jurisdiction, yes. The point would be the court would not lose jurisdiction even if there was a defect. I think that a fair... This section then says you still have to serve a notice either personally of some papers... Of some papers. By personal service, certified mail, or publication. Again, greater than required under Supreme Court Rule 11. Right. And so when the General Assembly meant there to be specific service of specific documents in certain situations, it made that clear. It certainly made that clear. And I think that's what, you know, the subsequent sections or subsections of 2-15 make, analyze or look at the different permutations on the factual service scenarios going on. And that's in the face of 2-15-3 and 2-16-2, both which say you're not going to get any further notice. Those, I guess, would be exceptions to the broad rule, you know, for specific circumstances. But the general principle is under 2-15-3 you don't get notice. That's the overarching. You don't get further notice. That's the overarching rule. And it has to be construed. And construing all these together, and of course these provisions have to be construed together. And construing all these provisions together, the court needs to keep in mind, again, that we have the best interest of the child as the ultimate goal to which we're working in these proceedings. And the fact is, sometimes when you have, and it wasn't illogical for the court, or sorry, the General Assembly to conclude that when you have parents that have an abuse or neglect petition filed against them and ultimately a termination petition, sometimes they might be hard to find or they might be hard to effect service on or they might be hard to actually get these documents. But the General Assembly didn't want that to delay the proceedings to enable the court, the juvenile court, to effectuate the best interest of the child. In this case here, for instance, we had parental termination petitions. And again, respondents offered no response to the parental, the termination of parental rights petition, no response to the multiple different agencies, the Court of Appointed Special Advocates, the Evangelical Child and Family Agency, the ECFA, the Department of Children's Services, saying that he has not made, he did not make sufficient progress in his service plan, that he was not attending his random drug test, that he was not attending his domestic violence counseling. Is it your contention, is it your argument that if in this case there had been no notice of any kind given to the father of the petition to terminate, the court still, it's not a void order terminating because they have personal jurisdiction? That's correct. And even though there's a fundamental interest in your children and not having parental rights terminated without due process of law, the only way to get that set aside is under 214.01 petition that alleges not, in this case, my example, he has no notice, so he doesn't have to have any excuses for not appearing, he simply didn't know. But he has to allege that the court did something wrong or that he has a meritorious defense, just saying I'm a father and my rights were terminated without any notice to me, without due process, it's not enough? Correct. He has to establish, and this would be supported, for instance, by a lot of cases with the Keener v. City of Heron case that the people cited in their opening brief, that when you're into the meritorious defense land, a section of 214.01, you need to establish a meritorious defense to the judgment entered in the underlying action, not on a particular motion, but in the underlying action. He had to raise something in his 214.01 petition. You're saying due process violation is not a meritorious defense then, that I didn't get notice, I didn't get an opportunity to respond, to do anything? Correct. That can go to the diligence prong, certainly, but the meritorious defense is to the judgment, the substance of the judgment, which was termination of parental rights. And so you would have to allege something, and then this court in Vincent and others has indicated that 214.01 petition is very much like a civil complaint. So he would have had allegations in that complaint that would have suggested that he did have a defense to the termination itself. Absolutely. And one very quick point on that, Your Honor, he could have also within 30 days brought a 213.01 post-judgment motion as well. He wasn't limited to only 214.01 motions. If there are no further questions, time has expired. Thank you very much, Your Honors. Good morning. May it please the Court. My name is Michael Ullman, and I represent the respondent, Ralph. It is a well-established principle that parents have a right to participate in the lives of their children. The U.S. Supreme Court has defined it as an essential right, and in this case the record is clear and undisputed. The State never attempted to notify Ralph of the petition to terminate his parental rights. Counsel, did he have actual notice? No, he did not. Can you explain the letters? I cannot explain the letters, quite frankly. The affidavit as well, I cannot explain the affidavit. But wouldn't that give us some conclusion that he might have had some knowledge that there was going to be a hearing? I mean, whether it would be the 14th or the 15th, that there was going to be something on termination? Because they both wrote excuses, he and his lawyer. I understand that, Your Honor, and I don't have any justification for those letters, nor do I have any explanation, unfortunately. Obviously, I can look at the record, and I see exactly what you see. What is the effect of serving the father with the original petition for adjudication? The petition that contains the phraseology about this could lead to a termination of parental rights and you will not be entitled to additional notice. Yes, I tried to make it very clear about the exclusionary clause at the end of that. I don't think that the General Assembly intended on writing a statute that would deprive somebody of notice, especially of an essential right that the U.S. Supreme Court has determined is an essential right, without at least giving notification. The way I read the exclusionary clause, and the way that Ralph reads it, is that the exclusionary clause allows the state to have the minimal requirements of due process. So, for instance, in this case, Ralph has lived in the same home since 1974. All the state would have to do is send a notice to him that the petition has changed. Send him by regular mail? By regular U.S. mail. So no additional service of summons or notice by any other means would certify mail. Nothing else would be necessary beyond a written notice of hearing. Correct. In the same way that you would notify an attorney. And I would even go as far as to say that if faxes have been between attorneys, notification by fax would be sufficient as well. Thank you. Now, the petition to terminate Ralph was filed and set for status, ruled on, and orders were entered without him ever having notice of it. Now, the state argues that these are not necessary anymore, that the General Assembly abrogated these rights. However, I don't believe that that could be permissible at all. I don't think that the due process that has been ensconced in this country could allow something like that to happen. Would you agree, Mr. Ullman, though, that the notice required by 215.3 seems to contemplate exactly what happened in this case? I do not. As I had explained, I believe the notice, a finding that notice was required or else the order was void, which is what your position basically is, right? Wouldn't that render 1215.3 language about notice being dispensed with meaningless? No, it would not. Because, again, I believe that the General Assembly was attempting to minimize, as the state has stated on a number of occasions, minimize the expense, minimize the amount of diligence that is required. They set forth the minimum requirements in order to serve somebody with further notices and further hearings in their case. And in this instance, I believe that the state failed completely. If you look at the record, they did serve the mother, and they actually went to great lengths to do so. The natural mother, the sheriff had gone to her home. The sheriff had gone to a facility that she was staying at for drug problems. Only after all of those methods had been attempted did the state file an affidavit for publication. They then asked the trial court for leave to file a publication, which was given. But it was never given for the father. The father was never mentioned in any of these hearings. The father was never mentioned in any of the motions. Didn't he attend some of the hearings? Wasn't he there? Yes, he did. Yes, he did. He actually was at the October 14th hearing, which granted the state leave to file the petition to terminate. However, yes. I wanted to ask about the actual termination proceeding. That's not considered a new matter. It's part of the original adjudications and summons, isn't it? Correct. So it's just another hearing in a series of hearings, return home, permanency plan, and all that. It's just a series of hearings, right? Correct. The second district had it akin to a citation proceeding in a civil action. And I also, I would suggest that, but I would also suggest that it would just be amended complaint in any other civil proceeding as well. So if there's an amended complaint in a civil case, you would file your motion for leave to file. But this isn't amended. And it said so, as Justice Garland said, in the original summons. These are the hearings, and it could result in termination. Correct. However, I believe that when they amended it from the goal, from return home to termination, the charges changed. So it would be as if in a civil action, if somebody had a contract claim and he wanted to change it to a tort, or he has an account stated, or a contract claim, and he wants it to be an account stated claim. You still must give notice to the party that there will be hearings on this new charge. Now, I don't necessarily believe that the legislature nor this court would say that you have to file a new or have a summons served and go through all those other processes. I think that would be an exaggeration of what would need to happen. However. The statute doesn't say that either. No, it does not. However, I do believe that notice must be given before you could take away somebody's property rights or somebody's. So if, speaking in the language of jurisdiction, you agree that personal jurisdiction was established over the father here, correct? I don't believe that we have ever disputed that. Okay. Then the fact that he did not receive the notice that you believe is required, generally speaking that it's required, to what end, where does that take us? This is a 214-01. 214-01-F, however, allows participants to challenge based upon voidness on constitutional and due process grounds. Please explain. How is this void? If, in fact, voidness means a concept of subject matter, the lack of subject matter jurisdiction and personal jurisdiction, and you just agree that the court had personal jurisdiction, I assume you would agree that there's also subject matter jurisdiction here as well? I would agree with that. Then how is this void? However, I believe that in the Ford case it says generally. There's a very important word there, and it says generally. You may not have the only way to make an order void is without proper subject matter or personal jurisdiction. The word generally in that, I think, is the key word in that entire case, because at no point has there been a hard and fast rule where this is the only way. And I would think that in many other cases it has been found that due process voids any judgment. So, counsel, to follow up on that, you're suggesting that because there was a lack of notice of this hearing, it some way divested the court of personal jurisdiction? I'm saying that the lack of due process was an infringement upon its constitutional right, and therefore the order must be void. Then it's void because they don't have personal jurisdiction? So it is a concept that this action would void personal jurisdiction? As to this matter, yes. Really, there's many prongs to this. If you're stating that if the court is, if I may, trying to say that the only way that an order could be void is based upon a lacking of personal or subject matter jurisdiction, then I would actually say yes. However, I believe that if you do not have due process, if due process is not, if you have not lived to the minimum requirements of due process, that the order can be void as well. I believe that there is a third way. Explain that to us, and what is your theory? What cases can you say is, my larger question is, what is the relationship between personal jurisdiction and due process? Explain it to us. I believe without due process, you cannot have personal jurisdiction over something. But I believe that in the city of Chicago versus American National Bank, I call it the Adelman case. I believe in that case the court held that, yes, there was process served on a gentleman five years down the line, or a number of years down the line, they entered a judgment against him. The property in dispute had already changed hands a number of times. The court said, yes, you have personal jurisdiction because we had personal jurisdiction from the very start. However, he was never notified of any of the subsequent hearings, so he never thought anything was going on anymore because, you know, he transferred the property. In that case, the court said, this order is void because you do not have a right to enter orders that affect people's property without first notifying them and giving them an opportunity to be heard. Mr. Ullman? Yes. Let's talk about where you're not. You're not making an argument in any form that this is facially unconstitutional, the statute, right? I am saying that using the canon of- If you are, this is the first time you're making that argument. No, I made it in the brief. In the brief, I do bring up the canon of constitutional avoidance, which states that I believe that it should be read in order to limit any constitutional questions. If, in fact, the statute is read in the way that the state has read it, that no notice is required on any party for any reason, I think that we would have a constitutional issue there. What exactly does that mean? I asked you earlier about the fact that it would seem that this is surplusage. It means nothing if, indeed, what happened in this case would render the outcome here void because it seems like the statute is contemplating this case. I mean, it says the summons shall contain a notice that the parties will not be entitled to further written notices or publications. Correct. But it also, again, contemplates that notice must be provided in order to meet the standards of due process. And that would be except as otherwise provided by Rule 11. And I believe that if that provision, if the exclusionary clause, as I've called it, if the exclusionary clause is not present, then we do have a constitutional problem. Because what the state could do, and I believe I've gone through, I believe I said in the brief, is that the state could have secret proceedings. They could serve a party with a petition to terminate with the return home and never give that party another notice of any motion or any hearing for the entirety of the case. They could then terminate the parental rights without ever giving notice of a motion for default, a termination proceeding or a change in the goal from return home to terminate. And at that point, you're giving the state the unfettered access to dispose of these cases without any sort of a test. On Rule 11, how do you address the state's argument that 11C doesn't seem significant, as that rule in general seems to talk about the kind of notice required and the words all papers seems to be referring to all papers that have to be filed but does not answer what papers have to be filed? I think, you know, I hope I got their argument right. I believe that all is all-encompassing. I believe that all means what it says. I believe that when the court promulgated those rules, it understood that all means every paper that's filed in the court. Not all of the papers that it wants to, not just some of them, but exactly as it reads, all of them. And they must be served on each individual party. And this is actually a theme throughout this case, because if you look at the motion to withdraw filed by the natural mother's public defender, she doesn't notify Ralph either. Throughout this entire case, things are just not being sent to Ralph. What is upsetting, I guess, about that is that he was the only one that was showing up to these hearings. When he would get an order, he would show up. He would have somebody show up. He hired counsel. Counsel, the remedy, I think, that's being suggested here is that when he filed this post-judgment motion, he could have presented his allegations as to why, in fact, he had a defense determination. He could explain why he was a good father and why he was not unfit. But he chose not to do that in this petition. Correct. And I believe that that is a burden-shifting approach. And if your constitutional rights are violated, you should not be shifting the burden to another party. And I believe in the Savage case that we've cited, I'm sorry, the Fuentes case as well, you can't start shifting the burden to the party that did nothing wrong. So what you would end up doing is you would be providing the state with all of the defenses, and I believe that one of the requirements is having an evidentiary hearing with evidence, or at least affidavits, of the defenses that you're going to be providing. Now, in this case, I know that Ralph is not a man of means, and he could not afford all of these steps going forward. And I'm sure that many parents in this position do not have the means to go forward either. So at that point, you're shifting the burden to having two trials on this. So you're going to have to have your trial, your 1401 trial, evidentiary hearing, if you will, and it will have to describe and have evidence, and you'll have to call all these people in and have testimony. Then, if the trial court determines that, yeah, he might have a defense, then we have to go through the discovery process, then we have to go through all these other processes, and it just becomes financially unfeasible for a man such as Ralph. Mr. Ullman, what's wrong with the dissenting justice's analysis where she indicates that, even if there is a due process violation by the respondent not being served with the termination, the notice of the termination proceedings, that that would be voidable and not void? What's wrong with her analysis? One of the problems is because then you're putting it upon the trial court to make a decision on his past rulings. So you're saying to the trial court that it is a voidable decision, so then we bring a motion to reconsider, and then we're stuck again in the appeals process. Again, we have an issue of, if it is a voidable decision, then we have to prove our defenses. We have to go through our meritorious defenses. We have to go through all of those other levels. Further, a due process violation is a void, makes it a void order. If you do not have the requisite. Well, to be quite frank, I don't totally understand that argument because, I mean, her position is the majority erred where they went any further than saying personal jurisdiction, everybody agrees, therefore it can only be voidable and not void. So to say that it has to be void because if you determine that it's voidable, we have to go through these extra hoops, I don't understand how that makes it void because you have to go through extra hoops, therefore it is void rather than voidable. No, maybe I probably wasn't clear on that. It is void because it is a violation of your constitutional right to due process, plain and simple. Not only is it a federal right, but it is also a state right. And both the federal courts and this court have held that violations of your due process rights in many cases are void. And in this case, it is one of those cases because we're talking about the lives of a parent to be with the child and raising and upbringing. It's an essential right. It is not just a protected right. I have a problem with that because we do have some evidence in the record that the attorney and the respondent knew, including an affidavit, that there was some sort of a hearing whether it be on the 14th or 15th and therefore had some knowledge that there was a petition going on. So aren't you raising form over substance? No, because, again, whether it was the 14th or the 15th is a very important date because if it was the 14th. But you can't tell me why there's a difference in the letters and the affidavit on the date. No, but what I can say is on the 14th, the hearing occurred. On the 15th is when their affidavits and their letters stated that they were scheduled to be there. Obviously, they didn't even have the right date. And I think that is a very important thing, is that they didn't have the right date. So, obviously, they were not notified of the proper date. I don't know how they came up with the date of the hearing. They had some knowledge that something was going on. Otherwise, they wouldn't have been able to write the letter or write the affidavit. I believe that they at some point probably did have not necessarily notification of what was occurring, but I think that they knew that it – I mean, Ralph knew at some point a petition was going to be filed to terminate his parents' rights. He knew that that was going to happen at some point in the future. Now, the state told them that they would notify him of when this was going to be, but they never did. What happened subsequent to the 14th and in the letters and the affidavits, I unfortunately don't want to comment too much just because I can only look at the record and see the state never attempted notice. And the consequence of that was the denial of a 1401 petition and determination of a gentleman's parental rights. What happened in the interim, I don't know, except that I know that they did not attempt service or notification at all. Mr. Ullman, just to clarify or help me understand your argument, I think you're arguing that lack of personal jurisdiction is not the only basis for a court to find a judgment void. That is correct. But then you also argued earlier in response to a question that lack of due process resulted in lack of personal jurisdiction, I believe. And that, of course, there are a line of cases that say no personal jurisdiction order is void. Do you have cases that say simply that violation of due process results in a void judgment? Yes, I do. And they're cited throughout the brief, yes. But I guess in order to clarify, when I say that it would be personal jurisdiction if there's not due process, I think what is incumbent upon it is that the due process argument itself makes the order void. Just one other point is the ex parte nature of it. And I think that the Second District clearly was very clear in that it was unjust, unfair, and inequitable. Thank you. Thank you, Counsel. Thank you, Your Honors. A few quick points. Opposing counsel doesn't like the word generally in the Ford Motor Credit Company case. This is the first time he's raised this, as in his brief on appeal, he never cited or discussed Ford Motor Credit Company or Mitchell or Johnston or any of the other cases setting forth the judgment standard. In re marriage of Mitchell, this court at 181, ill second at 174, said, Judgments entered in a civil proceeding may be collaterally attacked as void only where there is a total want of jurisdiction in the court which entered the judgment, either as to the subject matter or as to the parties. This court's Mitchell quote, and it was quoting an earlier decision by this court in Johnston versus City of Bloomington, makes clear that the voidness inquiry looks only at jurisdiction. And there is no jurisdictional problem here. In so far as opposing counsel's argument has changed before this court today to now suggest that a violation of due, an alleged violation of due process is tantamount to a loss or deprivation of personal jurisdiction, that argument was squarely rejected by this court in M.W. M.W. looked at a situation where there was a failure to provide required notice under the Juvenile Court Act. After original summons had already been served on the parties that the court had originally acquired personal jurisdiction. And the court said that failure of notice, subsequent termination, parental termination proceedings. Mr. Legner, we have said, however, and I agree with what you said on Mitchell. I think that was a correct reflection of those cases. But we have said that a criminal sentence that is outside the statutory range and exceeds the authority, that exceeds the authority of the court is therefore void without any mention of jurisdiction. Is that problematic at all in this context? It's not problematic in this context. The outside of the authority of the court and the relationship with that notion to jurisdiction is a murky area, I think, in all regards. But, again, getting something wrong, even if it is of a constitutional dimension, does not necessarily mean or does not mean. Were we wrong to use the word void in that context? I think that it probably would be more consistent to call it voidable, though I'm sure there's quite very good reasons for using it. Because Mr. Ullman can't get up here again, but I'm sure he'd say, see, I mean, that was void. Due process violations, why can't they be? Absolutely, absolutely there is that language in decisions. And this Court has also recognized that. Are you troubled at all that you just told the Supreme Court that we're wrong? Your Honors, I did so only with the utmost respect. The, and the, you know, so focusing on, and this Court's, I'm sorry, People v. Davis case also, which was a criminal case, in its discussion, again, clearly states that there are constitutional rights that may be deprived by mistake. But those mistakes, albeit they of a constitutional dimension and in a criminal proceeding, do not result in a void order. A lot of times courts' language, after they undertake an analysis of what happened, will say this was wrong, therefore this order is void. But their analysis indicates that they looked at it as voidable. They didn't just initially say this has to go out the window. You know, because when you're looking at a voidable order, you're going to say, okay, at the end of the inquiry, either that it's not void or it is void. So you get that bad language. Courts use the word void when answering the voidability inquiry. Are we familiar with People v. Lynch, a 1906 case from this Court, where in a habeas corpus proceeding, the Court set aside as void an order, a juvenile commitment case, because the parents were not given proper notice? Yes, Your Honor. And that's consistent with the North Avenue Associates case from the teens that Respondent cited in his brief. And, again, that simply precedes the enunciation of the standard that we now operate in under Ford Motor Credit Company. It didn't undertake the same analysis. And insofar as it's not reconcilable, and I think that this Court in the Ford Motor Credit Company line of cases made clear that there are inconsistent decisions out there. There is bad language out there. And this is the standards that we operate going forward. Mr. Langer? Yes. If I understand the argument by Mr. Ullman, he's saying that the voidness is grounded in the due process violation. Correct. And your position, and I want to make sure I've got this right, is that the statute doesn't require any further notice. That's correct. So let me take this a step at a time. If it doesn't require any notice, then there's really not a mistake, as you just argued, because it's not required. Correct. So how, if the statute is to be read that way, and we know that the U.S. Supreme Court has said in Santosky v. Kramer that parents in a termination proceeding are protected by due process because there's a fundamental liberty interest, if you never have to give them notice, you could hold a termination hearing in every single case under the statute, under that construction, never notify a parent of any hearing, how is due process satisfied under that concept of a fundamental liberty interest? Without necessarily going through the entire Matthews v. Eldridge analysis as I stand here, these are, again, situations where there was initial service of summons. These parties were apprised both of the fact that they are not entitled to further notice and of the consequences of these proceedings. This is not a situation in which the government conducted secret proceedings where they never told a party of even the existence of these court cases. These people had notice from the beginning of what could happen. Are you saying that notice or that disclaimer says you're not going to get any notice, even of termination of parental rights if that should come, that satisfies due process? I'm saying that that factors in. If service of summons is provided and the notice, the proper notifications are given, and there is a meaningful opportunity for a party to come in and say, wait a minute, you know, you need to correct this, sort of a quick post-deprivation remedy that's part of this long analysis, then due process would be satisfied. And here, 214.01 wasn't the only remedy. They could have come in within 30 days on a normal post-judgmental issue. My question is, is due process satisfied by this statute, which says you don't have to give any further notice because we're telling you up front when we file the petition for adjudication, this may result in termination of parental rights someplace down the line and you're not going to get any more notice. Is that enough notice to satisfy due process? That combined with the case law that says parties, once they've been served with summons and a proceeding, have the duty and the obligation to keep up with those proceedings. I'll admit it's our position that this statute is constitutional, if that answers that. Mr. Lingner, what does that mean in a practical sense? How does someone have that meaningful opportunity to keep up with the case? Do they have to camp out at the courthouse every day if you never, ever send a notice? And I'm not saying that happens. But under the construction, if we take the statute the way you've urged us, that there's no requirement, how would you, as a parent, defend your rights? As a parent, ideally, I would have an attorney present at the hearings. And again, they can have an appointed attorney. In these cases, they fired, the respondent fired the court-appointed attorney. You know, you don't need to have private counsel. But I would take advantage of, and this factors into, I think, the due process and constitutionality inquiry, you have appointed counsel there. And I'd say ask counsel to keep up with it. You can also call the clerk's office. You don't necessarily have to camp out at the courthouse. Well, but would you have to call every week, every day? I'm just saying under the construction that says there's no further notice required. Again, I'm not saying that happens. Right. But if that's the construction, how do you deal with that? How is there a meaningful due process opportunity that doesn't require 24-hour vigilance on one case by one attorney? It is certainly difficult. And I think that, in fact, ultimately that end or that possibility won't arise simply because it will create too many problems. The state doesn't want to complicate matters further by conducting secret proceedings and not providing notice. This situation, this alleged lack of notice here, complicated this matter. Haley was thriving with her foster parents. It is not in the state's best interest in this case to ignore that. That's why I don't think that there's a realistic chance of that end scenario actually happening in any sort of real world. I know you don't have really too much time to discuss this, but I asked a question to Mr. regardless of this statute that it's a due process violation in every case in which there is no notice given of a termination proceeding. Does that leave us with addressing whether or not this statute is spatially unconstitutional? If this court, and again, this court needn't get there, because even if there were a due process violation, there's no lack of jurisdiction, and so the 214-01 motion should be denied. This court needn't get to that. If this court ultimately decides that there could be, the statute could possibly lead to a violation due process, and that violation due process could be of a jurisdictional magnitude, such as to render an order void, then there, I guess, plausibly would be, at this very late stage without briefing, a need to construe the constitutionality of the statute. And if the court does decide it needs to do that, I would certainly ask for leave to file supplemental briefing addressing that. If your honors have no further questions, I ask that you reverse the decision of the appellate court and affirm the circuit court's denial of the 214-01 motion. Thank you very much, your honors. Thank you, counsel. Case number 110886, in the interest of Haley D., a minor by the people of the state of Illinois versus Ralph L., is taken under advisement as agenda number 6.